# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## SHARI HARP v. DARRYELLE E. MILLS

**Appeal from the Chancery Court for Hamblen County**
**No. 2008-366      Thomas R. Frierson, II, Chancellor**

---

**No. E2009-02608-COA-R3-CV - FILED AUGUST 25, 2010**

---

Petitioner, Shari Harp, filed this action to recover personal property and for an injunction related to her deceased mother's estate. Respondent, Darryelle E. Mills, is surviving spouse of the decedent. The trial court entered a partial default judgment in Ms. Harp's favor after Mr. Mills failed to answer the complaint or otherwise plead – despite ample notice of the consequences of failing to answer. Upon appeal, this court entered a show cause order directing Mr. Mills, acting pro se, to show cause why this appeal should not be dismissed for lack of jurisdiction, among other things. Mr. Mills has failed to respond to the show cause order within the time allotted. Accordingly, we dismiss this appeal because it is premature and because Mr. Mills has neglected to file a cost bond and has not paid the litigation tax associated with the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

Darryelle E. Mills, Talbott, Tennessee, pro se appellant.

Christopher P. Capps, Morristown, Tennessee, for the appellee, Shari Harp.

**MEMORANDUM OPINION[1]**

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

# I. BACKGROUND

The trial court entered a partial default judgment in favor of Ms. Harp after Mr. Mills failed to answer the complaint or otherwise plead despite ample notice of the consequences of failing to answer. Mr. Mills filed a timely appeal. The record was filed on March 31, 2010, but Mr. Mills neglected to file a bond for costs on appeal, required by Tenn. R. App. P. 6, and he also failed to pay the litigation tax required by Tenn. Code Ann. § 67-4-601 et seq. We subsequently entered an order giving Mr. Mills fifteen days to show cause why the appeal should not be dismissed because it is premature and because Mr. Mills has neglected to file a cost bond and has not paid the litigation tax associated with the appeal. Mr. Mills has failed to respond to the show cause order within the time allotted.

# II. DISCUSSION

Nothing in the record received from the trial court clerk demonstrates that Mr. Mills is exempt from the requirements of the cost bond and the litigation tax. Moreover, a review of the record reveals that the judgment from which Mr. Mills is attempting to appeal is a partial default judgment that does not adjudicate "all the claims, rights, and liabilities of the parties." *See* Tenn. R. App. P. 3(a). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. W.S., Oct. 22, 2008). This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. Thus, this appeal must be dismissed.

# III. CONCLUSION

This appeal is dismissed and this cause is remanded to the trial court for further proceedings consistent with this opinion and for collection of costs below. Costs on appeal are taxed to the appellant, Darryelle E. Mills.

PER CURIAM